RENDERED: MAY 1, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0368-MR

LP RADCLIFF, LLC D/B/A
SIGNATURE HEALTHCARE AT
NORTH HARDIN REHAB AND
WELLNESS CENTER; ASBR
HOLDINGS, LLC; JJLA, LLC; LPSNF,
LLC; SHC LP HOLDINGS, LLC;
SIGNATURE CLINICAL
CONSULTING SERVICES, LLC
N/K/A SIGNATURE HEALTHCARE
CLINICAL CONSULTING
SERVICES, LLC; SIGNATURE
CONSULTING SERVICES, LLC
N/K/A SIGNATURE HEALTHCARE
CONSULTING SERVICES, LLC; AND
SIGNATURE HEALTHCARE, LLC                                  APPELLANTS


                        APPEAL FROM HARDIN CIRCUIT COURT
v.                      HONORABLE LARRY ASHLOCK, JUDGE
                             ACTION NO. 23-CI-00082


JOHN EDWARDS, AS
ADMINISTRATOR OF THE ESTATE
OF MARJORIE PANNELL,
DECEASED                                                      APPELLEE

\*\* \*\* \*\* \*\* \*\*

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

McNEILL, JUDGE: This is a negligence case involving a now deceased nursing home patient, Marjorie Pannell ("Ms. Pannell"). The Appellee is John Edwards, as Administrator of the Estate of Marjorie Pannell, Deceased (the "Estate"). Appellant, LP Radcliff, LLC d/b/a Signature Healthcare at North Hardin Rehab and Wellness Center ("North Hardin"), is a nursing home healthcare provider.[1] North Hardin appeals from a denial of summary judgment concerning statutory immunity. For the following reasons, we AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

Ms. Pannell was admitted to North Hardin's care on February 20, 2019. She remained there until November 15, 2021, when she was transferred to a local hospital due to a medical emergency. She was eventually discharged and readmitted to North Hardin's care. Ms. Pannell died on December 12, 2023. John Edwards, as Next Friend of Marjorie Pannell, Incapacitated, filed suit ten months before she died and the Estate revived the action and substituted as plaintiff by

---

[1] The other Appellants appear to be corporate affiliates of North Hardin. Thus, this Opinion and Order applies equally to all Appellants whether referred to in the singular as North Hardin or in the plural as Appellants.

agreed order on March 13, 2024.  Two years later, North Hardin filed a motion for summary judgment arguing that it is immune from liability under provisions of KRS[2] 39A.275(1)(a)—now repealed—that were applicable during the COVID-19 pandemic.  North Hardin also claimed immunity under provisions of the Federal Public Readiness and Emergency Preparedness Act ("the PREP Act") 42 U.S.C.[3]§ 247d-6d.  These provisions are collectively referred to herein as "Immunity."  Although interlocutory, this appeal is proper.[4]

## **STANDARD OF REVIEW**

"Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*."  *Lewis v. B&R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (citation omitted).  Whether immunity

---

[2]  Kentucky Revised Statutes.

[3]  United States Code.

[4]  *LP Columbia Ky, LLC v. Est. of Cowan by & Through McCann*, No. 2022-CA-0488-MR, 2023 WL 3028136, at *2 (Ky. App. Apr. 21, 2023).  Therein, the Court analyzed the factors required in *Sheets v. Ford Motor Company*, 626 S.W.3d 594, 599 (Ky. 2021), and concluded that an interlocutory appeal was proper, arising from the denial of summary judgment based on COVID-19 Immunity.  There are no appellate cases citing *McCann*.  However, in *LP Louisville Herr Lane, LLC v. Buckaway*, we addressed the merits of a similar case after ordering Appellant "to show cause why the appeal should not be dismissed as interlocutory."  705 S.W.3d 31, 33 (Ky. App. 2024), *review denied* (Feb. 13, 2025).  Following briefing on the issue, we rendered an Order on August 24, 2023, concluding that "sufficient cause was shown for the matter to proceed to this merits panel."  The relevant docket entries in *Buckaway*, indicate that *McCann* was the primary precedent relied upon in response to the show cause order and, presumably, considered persuasive by the Court's order finding sufficient cause to proceed to the merits.  In that vein, we too shall proceed to the merits of the present case.

applies is purely a question of law and is also reviewed *de novo*. *Buckaway*, 705 S.W.3d at 33 (citing *Gambrel v. Croushore as next friend of Villarreal*, 638 S.W.3d 452 (Ky. App. 2021); and *Lewis v. B & R Corporation*, 56 S.W.3d 432 (Ky. App. 2001)). With these standards in mind, we return to record and arguments at issue in the present case.

## ANALYSIS

Appellants argue that they are entitled to Immunity. Before addressing that issue, we must dispense with the Estate's pending motion to dismiss the present appeal as frivolous pursuant to RAP[5] 11. Having considered the arguments presented, the motion is DENIED. Although not frivolous, Appellants' Immunity claims rest on a rather thin reed. In *Buckaway*—our only published case on the matter—we summarized the Immunity provisions as follows:

> Immunity is not triggered under the statute unless **a causal connection exists** between the injury suffered and the action taken by the care provider. However, no immunity applies for an act or omission involving "gross negligence, or wanton, willful, malicious, or intentional misconduct." KRS 39A.275(3).

> The PREP Act provides immunity from suit and liability for all claims for loss (whether state or federal) caused by, arising out of, relating to, or resulting from the administration of countermeasures used to combat the spread of COVID-19. 42 U.S.C. § 247d-6d(a)(1). The

---

[5] Kentucky Rules of Appellate Procedure.

immunity applies to any claim for loss that has a causal relationship with the administration or use of a covered countermeasure. *Id.*

*Buckaway*, 705 S.W.3d at 34 (emphasis in original).

Like the present case, *Buckaway* also involved an action against a nursing home. Therein, the nursing home sought Immunity on the basis that a telehealth conference prevented medical providers from examining the patient in person, due to COVID-19 restrictions. The circuit court disagreed and denied the provider's motion for summary judgment. The Court of Appeals unanimously affirmed on the basis that the result of the alleged negligence—patient's infectious surgical wound—had already occurred, and the patient's death was not caused by the telehealth conference or anything else related to or arising from COVID-19 treatment. *Id.* at 34.

As previously cited, the Court emphasized that "[i]mmunity is not triggered under the statute unless *a causal connection exists* between the injury suffered and the action taken by the care provider. *Id.* The Court continued, finding that "the telehealth conference came too late to be a factor in causing [decedent's] injuries." *Id.* "Finally, the nursing home's director testified

unequivocally that COVID-19 protocols did not prevent staff from caring properly for [decedent's] wound." *Buckaway*, 705 S.W.3d at 34.[6]

In applying the Immunity provisions in the present case denying Appellants' motion for summary judgment, the circuit court reasoned as follows:

> [T]here is not a clear causal connection between the alleged injuries suffered: falls causing a head injury and a left femur fracture, septic shock, Stage IV pressure injuries to her coccyx, heels and ankles, severe urinary tract infection, dehydration and malnutrition; and the actions taken by [North Hardin] in response to the [COVID-19] pandemic

> [M]any of the claims made predate the start of the [COVID-19] pandemic.  These claims can in no way be causally related to any action taken by [North Hardin] because of [COVID-19], as it did not exist as a pandemic at that time and no countermeasures were being taken at that time to combat its spread.

> As for any claims made during the [COVID-19] pandemic, analogous to the analysis in Buckaway . . . there is no link between that neglectful care and Defendants [sic] reaction to or Plaintiff's contraction of COVID-19.

The trial court's reasoning here is sound and is not refuted by the record presented.

The relevant timeline for purposes of our analysis here is recited on pages four and

---

[6]  The only published Kentucky case applying *Buckaway* since it was rendered is *Jackson v. Mayfield KY OPCO, LLC*, No. 2024-SC-0180-DG, 2025 WL 3768660, at *8 (Ky. Dec. 18, 2025) (observing that "[w]hile we acknowledge that the facts of *Buckaway* are distinguishable from the case at bar, its interpretation of the COVID immunity statute is sound").  Although selected for publication, finality has not been certified in *Jackson* at the time of our present disposition.  Thus, our reliance on *Jackson* is not dispositive.  Rather, we cite that decision only because of its approval of *Buckaway* on the issue of causation.

five of Appellants' brief, and is summarized follows: 1) Ms. Pannell tested positive for COVID-19 on November 17, 2020; 2) She was transferred from North Hardin to a hospital; 3) She was released from hospital care and readmitted to North Hardin where she remained a resident for nearly a year; 4) On November 15, 2021, Ms. Pannell was discharged again for hospital care where she was diagnosed with sepsis due to a UTI; 5) She died on December 12, 2023 at age 79. Appellants conclude their statement of the case asserting that "[h]er Death Certificate states that she died from sepsis due to aspiration pneumonia because of Parkinson's Disease."

Missing from Appellants' own recitation of the evidence is any evidence linking COVID-19 to Ms. Pannell's care other than the attenuated positive test result on November 17, 2020. Thus, when taking the evidence in the light most favorable to the Estate—and for purposes of Immunity—there is insufficient medical evidence to support Appellants' assertion that COVID-19 caused any of Ms. Pannell's injuries as alleged in the present case. For similar evidentiary reasons, Appellants' argument under the PREP ACT is insufficient to require reversal here. However, nothing herein precludes the trial court from considering arguments relating to causation on any relevant matter for purposes of trial.

## CONCLUSION

For the foregoing reasons, the order of the Hardin Circuit Court denying Appellants' motions for summary judgment are AFFIRMED.

ALL CONCUR.

ENTERED: _May 1, 2026_____

_[signature]_

HON. J. CHRISTOPHER MCNEILL
JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANTS:

A. Pete Pullen
Kathryn D. Williams
Louisville, Kentucky

BRIEF FOR APPELLEE:

Jason W. Voelke
Ashley Lee
Richard W. Hartsock
Rachel Hepburn Masters
Lexington, Kentucky